UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR JONES,

    Petitioner,

v.

MACOMB COUNTY JAIL,

    Respondent.
_____/

Case No. 2:24-cv-10207

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF *HABEAS CORPUS*, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

In the labyrinthine corridors of law, clarity is not always easy to come by. Petitioner Lamar Jones finds himself incarcerated at Macomb County Jail in Mount Clemens, Michigan, seeking a writ of habeas corpus from this Court. But in navigating this complex path, Petitioner creates more questions than answers. Without clear guidance on whether he seeks relief under 28 U.S.C. § 2241 or § 2254, this Court must dismiss his petition without prejudice.

## I. BACKGROUND

Lamar Jones filed his initial petition for a writ of habeas corpus on January 26, 2024. ECF No. 1. Upon review, it became clear that the petition lacked key information. Petitioner did not specify whether he had been convicted of any offense, nor did he allege facts showing detention in violation of federal constitutional rights.

*Jones v. Macomb Cnty. Jail*, No. 24-CV-10207, 2024 WL 790911, at * 1 (E.D. Mich. Feb. 26, 2024). Lacking even the basics of legal argument, Judge Leitman, rather than dismissing the case outright, afforded Jones the opportunity to amend his petition. He was given until April 15, 2024, to comply, with a clear warning that failure to do so would result in dismissal without prejudice. *Id.* at *2. On March 22, 2024, Jones did indeed submit an amended petition. ECF No. 8. This case was then reassigned from Judge Leitman to this Court on April 2, 2024.

## II. DISCUSSION

The case must be dismissed because the petition, and its amended version, fail in providing this Court with necessary details. It is unknown whether Jones has been convicted of any offense or if his petition is a pretrial one. Although his amended petition asserts, albeit in conclusory fashion, that on June 6, 2023, he was detained illegally by the Roseville Police and transferred to Macomb County Jail without charges, his claims remain unsupported by facts or legal arguments demonstrating a violation of his constitutional rights.

Jones accuses the respondents of conspiring with the Roseville Police by "illegally tampering and falsifying documentation." ECF No. 8 at PageID.17. His claims appear to include (1) malicious prosecution, (2) lack of probable cause, (3) deprivation of liberty resulting from legal proceedings, (4) false imprisonment or arrest under 42 U.S.C. § 1983, and (5) a request for compensatory relief. *Id.*

However, Petitioner offers only boilerplate assertions with no substantial backing or specific facts. Habeas corpus petitions must establish a federal cause of action, or they risk summary dismissal. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Simply put, without facts demonstrating the denial of a constitutional right, the petition may not stand. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). This Court must dismiss petitions that are legally insufficient on their face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994).

Conclusory statements in a habeas petition, absent evidentiary support, are not grounds for relief. *See Crump v. Lafler,* 657 F.3d 393, 396, n.2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit has been clear: the district court must carefully examine each petition before proceeding further. *Allen v. Perini,* 424 F.3d 134, 140 (6th Cir. 1970). If the petition is frivolous or lacks merit, it may be dismissed without a show-cause order. *Id.* Jones's petition is just that—insufficient on its face, leaving this Court with no option but to dismiss. *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018); *see also Edwards v. Johns,* 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006).

### III. POSTJUDGMENT IMPLICATIONS

Jones needs a certificate of appealability to appeal this Order. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). "The district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). When a court rejects a habeas claim on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). In applying that standard, a district court may not conduct a full merits review and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 323.

Finally, Jones may not appeal without paying, because his appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context requires nonfrivolous claims; it does not require likely success on the merits. *See Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023). But Jones's claims are grounded more in hope than in substance. Because any appeal would not present legal points arguable on their merits, it would not be taken in good faith.

## IV. CONCLUSION

It is **ORDERED** that the Petition, ECF No. 1, is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

Petitioner is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This order closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/9/2024